IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDY THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-573-WHA-SMD |
| | )            (WO) |
| JAMES BRAZIER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff Andy Thomas's motion for preliminary injunction filed in connection with his action under 42 U.S.C. § 1983. (Doc. 1.) In the motion, Thomas requests that Defendants James Brazier and Officer Downs be ordered to fix a leaking shower adjacent to his cell in the Houston County Jail. (Doc. 1 at 8.) For the following reasons, the Court recommends that Thomas's motion for preliminary injunction be denied.

**I.     STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court[.]" *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites Plaintiff must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Plaintiff outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Id.*; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). Injunctive relief will not issue

unless the alleged misconduct is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

**II.   DISCUSSION**

Thomas seeks preliminary injunctive relief in the form of a court order directing Defendants James Brazier and Officer Downs to fix a leaking shower adjacent to Thomas's cell in the Houston County Jail. (Doc. 1 at 8.) He maintains that flooding from the leaking shower has subjected him to unsafe conditions amounting to cruel and unusual punishment. (Doc. 1 at 3–5.)

Turning to the first factor regarding whether preliminary injunctive relief should be issued, the court considers whether Thomas can prove a substantial likelihood of success on the merits. Having reviewed Thomas 's request for preliminary injunctive relief, the

court concludes that he has failed to carry his burden. Other than his self-serving, conclusory allegations of constitutional violations, Thomas presents no proof or objective evidence that the conditions under which he is confined subject him to cruel and unusual punishment. Essentially, the court has nothing other than Thomas's assertions as to whether the conditions at Houston County Jail fail to pass constitutional muster. Such assertions, however, fail to establish a substantial likelihood of success on the merits of his complaint.

Thomas likewise fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. As noted, Thomas provides no proof or objective evidence supporting his allegations about the conditions under which he is housed.

Further, regarding the remaining two factors, the pleadings before the court are devoid of any evidence which shows that, upon balancing the equities of the parties, issuance of an injunction would be in the public interest.

In light of the foregoing, the court finds that Thomas has failed to meet the requisite burden for injunctive relief. He has not demonstrated a likelihood of success on the merits. Additionally, as Thomas has not shown at this stage in the litigation any constitutional violations, it would not serve the public interest to grant him injunctive relief.

## III.   CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction (Doc. 1 ) be DENIED; and

2. This case be referred back the undersigned Magistrate Judge for additional proceedings.

It is further

ORDERED that by **March 20, 2023**, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc ), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE this 6th day of March, 2023.

      /s/ Stephen M. Doyle
      STEPHEN M. DOYLE
      CHIEF U.S. MAGISTRATE JUDGE