IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDY THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:22-cv-573-ECM-SMD ) (WO) |
| JAMES BRAZIER, *et al.*, | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Andy Thomas filed this 42 U.S.C. § 1983 action on September 27, 2022. (Doc. 1.) Defendants have since filed an Answer, Special Report, and supporting evidentiary materials denying Thomas's allegations. (Doc. 41.) On May 31, 2023, the Court entered an order instructing Thomas to file a response to Defendants' materials by June 22, 2023, and informing Thomas that his failure to file a response would result in a recommendation that this case be dismissed for failure to prosecute. (Doc. 43.) On June 6, 2023, the Court granted Thomas's request to extend the time to file a response and extended the time for his response to July 14, 2023. (Docs. 44, 45.) To date, Thomas has not filed a response to Defendants' materials or otherwise complied with the Court's order of May 31, 2023.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts

"to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Based on the foregoing, the undersigned concludes that this case is due be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is ORDERED that by **October 4, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" accepted or adopted by the District Court except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resol. Tr. Corp. v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 20th day of September, 2023.

                                  /s/ Stephen M. Doyle
                                STEPHEN M. DOYLE
                                CHIEF U.S. MAGISTRATE JUDGE